IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RONALD LAMAR COLE, JR., # 3276                                         PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 3:12cv516-HTW-LRA

TERRY PINTER, NICKI CRAPPS, and
BETTY LITTLE                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* plaintiff Ronald Lamar Cole, Jr.'s pleadings. He is a pretrial detainee at the Scott County Jail. He brings this action for damages arising out of a dispute over the rightful possession of a house. The court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

Cole alleges that he owns a house, which has been converted into a four-plex, in Morton, Mississippi. He entered an agreement with defendant Terry Pinter, in which he would manage the apartments, live in one of them, collect rents on behalf of Cole, lease to own the entire house, and pay the utilities. According to the Complaint, Pinter never paid the utilities nor turned over any of the rent payments. Further, Cole fired Pinter and personally served him with several eviction notices, but he would not move out. Since "defendant (Pinter), had rela[t]ives in Police dept [sic] he did not have to abide eviction [sic] notices." (Aff. at 3). Cole also alleges, "Pinter used his friendship with [Police Chief] Nicki Crapps, and the Morton Police Department, to say the house . . . was owned by Terry Pinter." (Compl. at 5). Eventually, the mortgage company notified Cole that it would foreclose on the house.

According to Cole, on January 27, 2012, he set fire to his sister's van outside of the four-

plex. Pinter had borrowed the van but never returned it. Cole believed Pinter was stealing it and the house. Cole was arrested and charged with arson later that day. Defendant Betty Little reported the incident in the local newspaper and indicated that both the house and van belonged to Pinter.

On July 23, 2012, Cole initiated this action against Pinter, Crapps, and Little. Cole alleges Crapps would not serve the eviction notices. Pinter is accused of breach of contract and conversion, and Little is accused of slander. Cole seeks compensatory and punitive damages from all defendants.

On August 28, 2012, Cole filed an amended pleading, which alleged he is being denied due process in his State criminal case. He is currently a pretrial detainee and alleges he has not received an initial appearance, preliminary hearing, or arraignment. For this, he, "sincer[e]ly prays that venue be established within the United States District Court house [sic] on the . . . arson charge." (Aff. at 5).

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an

2

action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The court has permitted Cole to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

DEPRIVATION OF PROPERTY

Read in the light most favorable to Cole, he may be attempting to assert a deprivation of property claim, under Title 42 U.S.C. 1983, against Crapps. An intentional deprivation of property may be a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Cole alleges Crapps "violated procedural due process" when he would not evict Pinter, even though Cole had obtained eviction notices. (Resp. at 5). He contends Crapps was motivated by his friendship with Pinter and the fact that he was related to fellow Morton police officers. Thus, Cole alleges the deprivation was random and unauthorized. An:

> unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. For intentional . . . deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Mississippi provides an adequate postdeprivation remedy for the loss of property through other means, because Cole may sue for conversion and for taking property without just compensation under the Mississippi Constitution. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994) (conversion); *Johnson v. King*, 85 So. 3d 307, 310-11

(¶¶7-8) (Miss. Ct. App. 2012) (Mississippi Takings Clause).  For this reason, the Section 1983 claim for deprivation of property without due process is dismissed as frivolous.  This counts as a strike pursuant to Title 28 U.S.C. 1915(g).

<u>STATE CRIMINAL CASE</u>

Next, Cole seeks to remove the State criminal case to this court.  Removal jurisdiction extends to certain civil actions, not criminal actions.  28 U.S.C. § 1446(a).  Therefore, the court is without subject matter jurisdiction over this claim.  To the extent Cole wishes to challenge the lawfulness of his State detention, he must pursue a writ of habeas corpus.  *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

<u>STATE LAW CLAIMS</u>

Finally, Cole largely asserts breach of contract, conversion, and slander claims under state law.  Because these claims invoke the court's supplemental jurisdiction, they are dismissed without prejudice pursuant to Title 28 U.S.C. 1367(c)(3).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Section 1983 claim should be and is hereby **DISMISSED WITH PREJUDICE** as frivolous.  This dismissal counts as a strike pursuant to Title 28 U.S.C. 1915(g).  The remainder is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this the 30th day of August, 2012.

      s/ HENRY T. WINGATE
      UNITED STATES DISTRICT JUDGE